JS-6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

|  |  |
|---|---|
| PAUL MESSER ET AL., <br><br> Plaintiff, <br><br> vs. <br><br> U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES ET AL., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**Case No.: SACV07-01444-CJC(RNBx)**

**ORDER DISMISSING ACTION**

This matter is one of many cases filed by Plaintiff Dr. Dorothy Calabrese and various co-plaintiffs against the Government.[1]  All of the actions stem from the Government's refusal to provide Medicare coverage for treatments provided by Dr. Calabrese to her patients.  In the instant action, Plaintiffs Dr. Calabrese and Paul Messer

---

[1] Plaintiffs also move for voluntary recusal pursuant to 28 U.S.C. § 455(a).  ).  "A judge's previous adverse ruling alone is not a sufficient bias."  *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984). Plaintiffs have failed to demonstrate that the Court's impartiality may reasonably be questioned.  28 U.S.C. § 455(a).

allege that the private Medicare carrier National Heritage Insurance Company ("NHIC") and its medical director, Dr. Bruce Quinn, made false statements and engaged in fraudulent conduct in connection with her claims for coverage of transfer factor treatment.  Plaintiffs allege that this conduct constitutes fraud and gross negligence, violates the Medicare Drug, Improvement and Modernization Act of 2003 ("MMA"), 42 U.S.C. 1395kk-1(d)(3), which amended the Medicare Act, violates Medicare regulations, violates the Medicare Program Integrity Manual Chapter 13, and BIPA 2000 Section 522, violates 18 U.S.C. § 1035, obstructs justice in violation of 18 U.S.C. § 1505, and interferes with Dr. Calabrese's allergy-immunology practice and adversely affects her ability to properly care for her patients in violation of 42 U.S.C. § 1395.

The Court previously stayed this case pending Plaintiffs' exhaustion of administrative remedies in two different proceedings, the first of which was the Departmental Appeals Board's review of an Administrative Law Judge's ruling that transfer factor therapy is not medically reasonable and necessary and the second of which was the Departmental Appeals Board's review of Dr. Calabrese's challenge to a Local Coverage Determination ("LCD").  The Court stated that Plaintiffs could move to lift the stay once the Secretary issued a final decision on all of their administrative claims.  By order dated March 8, 2010, the Court affirmed the Secretary's final decision that transfer factor therapy was not medically reasonable and necessary in a related case, *Dorothy Calabrese, M.D. et al. v. U.S. Department of Health and Human Services et al.*, Case No. 09-00152-CJC.  Subsequently, the Court ordered Plaintiffs to show cause why judgment should not be entered in this matter in favor of Defendants for failure to exhaust administrative remedies.  Defendants represent that all administrative remedies have been exhausted but have not presented evidence that the LCD proceeding has been completely resolved.  Even if Plaintiffs have fully exhausted their remedies, Plaintiffs have not

provided any evidence or legal authority to establish the violations alleged.  Accordingly, the Court DISMISSES this action WITH PREJUDICE.[2]

        DATED:     August 13, 2010

_____
            CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE

---

[2] Plaintiffs' Request for Oral Advocacy is DENIED.